1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KIRK EDWARD CAMPBELL,                    No.  2:15-cv-01986-KJM-GGH

12                    Petitioner,

13        v.                                  ORDER

14   WARDEN DANIEL PARAMO,

15                    Respondent.

16

17            On September 20, 2015, petitioner filed a petition for a writ of habeas corpus,

18   challenging his convictions on possession of a firearm by a felon (Count 1) and several drug-

19   related crimes (Counts 2 through 10).  *See* Pet. for Writ of Habeas Corpus, ECF No. 1, ¶¶ 4, 5.

20   On October 19, 2017, the magistrate judge issued findings and recommendations recommending

21   the court grant petitioner's habeas petition as to Counts 2 through 10 and deny the petition as to

22   Count 1.  ECF No. 28.  By order filed March 31, 2019, this court adopted the findings and

23   recommendations, with exceptions and clarifications, denying the petition as to Count 1 and

24   granting it as to Counts 2 through 10.  ECF No. 34 ("Habeas Order").  The court directed

25   respondent to commence criminal proceedings on Counts 2 through 10 leading to retrial, or, if

26   retrial proceedings are not commenced, to commence proceedings to have petitioner resentenced

27   on Count 1, within 60 days.  *Id.* at 10.  Judgment was entered the next day.  ECF No. 35.

28   /////

                                          1

On April 18, 2019, respondent filed a motion for stay pending appeal or, in the alternative, for a temporary stay, of the March 31, 2019 Habeas Order. Mot., ECF No. 36. Petitioner responded to the motion and noted it was prematurely filed before a notice of appeal, but stated he does not oppose the motion once respondent has filed a notice of appeal. ECF No. 37. Respondent has now filed a notice of appeal of the grant of habeas on Counts 2 through 10, ECF No. 38; petitioner has filed a notice of appeal of the denial of habeas on Count 1, ECF No. 42.

In considering a motion to stay a grant of habeas pending appeal, the court considers the following factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

Respondent argues each of the four factors supports a stay of the Habeas Order pending appeal. As to the second factor, respondent argues petitioner will not be affected by a stay, because he will continue to serve his twenty-five-years-to-life sentence on Count 1 during the pendency of the appeal, regardless of whether the Habeas Order is stayed. Mot. at 3, 5. As to the third and fourth factors, respondent explains that respondent and the public interest will be harmed if no stay is issued, because government resources will be wasted retrying petitioner on Counts 2 through 10 while the appeal is pending. *Id.* 5–6. Should respondent prevail on appeal, the trial will have been a waste of government resources; should petitioner prevail on appeal, the government would have to conduct an entirely separate trial on Count 1 alone, rather than efficiently trying all the counts at once. *See id.* Such a waste of government resources is against the public interest. As noted, petitioner does not oppose respondent's motion for a stay. Response, ECF No. 37. The second, third and fourth *Hilton* factors counsel in favor of granting the motion for a stay, and the court need not reach the first factor.

/////

/////

2

For the foregoing reasons, it is hereby ORDERED that:

1. Respondent's motion for a stay is GRANTED;

2. Retrial of petitioner is stayed during the pendency of respondent's appeal from the judgment entered in this action (ECF No. 35); and

3. Respondent is DIRECTED to notify the court within 14 days of the resolution of its appeal.

DATED:  May 28, 2019.

_____
UNITED STATES DISTRICT JUDGE